UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

        Plaintiff,                               Case No.13-cv-11415

v.                                                  Paul D. Borman
                                                          United States District Court

MATT BEMIS,

        Defendant.

_____/

**OPINION AND ORDER (1) GRANTING DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT (Dkt. No. 22), (2) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS MOOT (Dkt. No. 11), AND (3) ORDERING THE PRESERVATION OF DEFENDANT'S COMPUTER**

      This copyright infringement action arises from Defendant's alleged unlawful download of multiple adult films using the "BitTorrent" file-sharing protocol.[1] On November 13, 2013, Defendant Matt Bemis ("Defendant") filed a motion to set aside the Clerk's entry of default in this action. (Dkt. No. 20). Also, currently pending is Plaintiff's motion for entry of Default Judgment (Dkt. No. 11).

      A hearing on this matter was held on December 9, 2013. The Court GRANTED Defendant's Motion to Set Aside the Clerk's Entry for Default at the hearing and issued instructions regarding the preservation of certain evidence. This Opinion and Order is issued in support of that ruling.

**I. BACKGROUND**

      The present case is one of a "swarm" that Plaintiff has filed in this District Court as well as

---

[1] The BitTorrent file sharing protocol enables online peer-to-peer distribution of potentially copyrighted material. "File sharing, as relevant here, involves the challenge of quickly distributing copies of a large digital file, e.g., a digital movie file like those found on a DVD, to a large number of people." *Third Degree Films v. Does 1-36*, No. 11-15200, 2012 WL 2522151m at *1 (E.D. Mich. May 29, 2012).

others across the nation. As Magistrate Judge David Grand noted in a recent Order issued in an identical "John Doe" case, also assigned to this Court, relating to a different IP address:

> This appears to be one of the growing number of cases in which an adult film producer files suit in federal court against an unnamed individual (known only by his Internet Protocol address ("IP address")) who allegedly unlawfully downloaded a copyrighted pornographic work using the "BitTorrent" file-sharing protocol. *See e.g., Third Degree Films v. Does 1-47*, No. 12-10761, 2012 WL 4498911, at *1 (D. Mass, Oct. 2, 2012). Through the federal action, the filmmaker is able to discover the individual's identity, and then pursue claims and/or settlements against him.

*Malibu Media, LLC v. John Doe subscriber assigned IP address 68.43.35.2*, No. 13-12202, ECF No. 7, 1 n.1 (E.D. Mich. June 25, 2013) (Grand, M.J.).[2] The Court notes that as of October 17, 2013, Plaintiff Malibu Media is currently the plaintiff in 85 open cases and 48 closed cases in the Eastern District of Michigan.

Plaintiff Malibu Media ("Plaintiff") filed suit on August 15, 2013 against a single "John Doe" Defendant, identified only by the subscriber Internet Protocol ("IP") address he is alleged to have used to unlawfully download and share Plaintiff's allegedly copyrighted movies. (Dkt. No. 1).That same day Plaintiff filed a motion for a third-party subpoena, seeking to discover the identity of the John Doe named in the Complaint by serving a subpoena on the Internet Service Provider ("ISP") associated with the identified IP address. (Dkt. No. 2). Plaintiff sought permission to

---

[2] Other courts have noted that this federal action has resulted in a business model of sorts for Malibu Media or other similar plaintiffs wherein a company that owns a copyright to a pornographic movie will sue multiple John Does for using BitTorrent to pirate the movie, then after obtaining the identities of the individuals through subpoenas to their internet service providers, the plaintiff will send out demand letters to the John Does and often out of embarrassment, the John Does will send back a nuisance value check. *See Malibu Media v. John Does 1 Through 10*, 12-3623, 2012 WL 5382304, at *4 (C.D. Cal. Jun. 27, 2012) (noting "The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial.").

subpoena the ISP to obtain John Doe's "true name, address, telephone number, and e-mail address."

On June 5, 2013, Plaintiff filed its Amended Complaint which named Defendant, Matt Bemis. (Dkt. No. 6). Plaintiff's Amended Complaint alleges that Defendant is a "persistent on-line infringer" of Plaintiff's copyrights. (Am. Compl. ¶ 2). Plaintiff further alleges Defendant used the peer-to-peer sharing venue known as the BitTorrent file distribution network ("BitTorrent") to copy and distribute Plaintiff's copyrighted adult movies. (Am. Compl. ¶¶ 17-24). Plaintiff contends that because Defendant is the subscriber in control of the IP address which was used to distribute Plaintiff's copyrighted movies, Defendant is the most likely infringer. (Am. Compl. ¶ 24).

Service of Summons and Amended Complaint was effected on July 3, 2013 by leaving copies with his wife, Justine Bemis, at Defendant's residence in Southgate, Michigan. (Dkt. No. 8). On August 23, 2013, Plaintiff filed a request that the Clerk enter a Default against Defendant pursuant to Fed. R. Civ. P. 55(a) because he had failed to make an appearance in this action. (Dkt. No. 9). The Default was entered that same day. (Dkt. No. 10). On September 12, 2013, Plaintiff filed a motion for Default Judgment. (Dkt. No. 11). A hearing on the motion for Default Judgment was held October 21, 2013 where the Court took the matter under advisement and requested further briefing from Plaintiff on the issues alleged in the Complaint.

Defendant filed the current motion to set aside the Clerk's entry of Default on November 13, 2013. (Dkt. No. 20). Plaintiff filed a response in opposition of setting aside the default on November 27, 2013. (Dkt. No. 22).

## II. ANALYSIS

### A. Legal Standard

Defendant has moved to set aside the Clerk's entry of default pursuant to Fed. R. Civ. P.

3

55(c) and 60(b). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) sets forth that upon a motion a court may set aside a final judgment, order or proceeding for certain enumerated reasons including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

The Court evaluates the same three factors under both rules, "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *United Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F.2d 839, 844 (6th Cir. 1983). While the factors to evaluate are the same, "the standard for applying them to a motion to set aside a final judgment under Rule 60(b) is more demanding than their application in the context of a motion to set aside an entry of default under Rule 55(c)." *Dassault Sys., SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011). The Sixth Circuit has explained the differences between the Rule 55(c) "good cause" standard and Rule 60(b) standard to set aside a default judgment as:

> Once a defendant fails to file a responsive answer, he is in *default,* and an entry of *default* may be made by either the clerk or the judge. A *default judgement* can be entered by the clerk only if a claim is liquidated, or if a claim is unliquidated, by the judge after a hearing on damages. A *default* can be set aside under rule 55(c) for "good cause shown," but a default that has become final as a *judgment* can be set aside only under the stricter rule 60(b) standards for setting aside final, appealable orders.

*Id*. (quoting *Shepard Claims Serv. Inc. v. William Darrah & Assocs*., 796 F.2d 190, 194 (6th Cir. 196)) (emphasis in original)). Therefore, the Rule 60(b) standard is not applicable unless "the court has determined damages and a judgment has been entered." *Id*. (quoting *O.J. Distrib., Inc*. *v. Hornell Brewing Co.*, 340 F.3d 345 (6th Cir. 2003)).

In the present case, there has been neither a final judgment entered nor any money damages

awarded. Therefore, the Court finds that the three factors will be evaluated under the less strict "good cause shown" standard of Rule 55(c).

**B.     Setting Aside the Default Judgment**

    **1.     Culpable Conduct Leading to the Default**

The first factor is whether Defendant's actions were culpable or willful. In the current action, Defendant claims that he was under the mistaken belief that he had not been properly served because his wife accepted service and he had not received the summons and complaint himself. (Def.'s Br. at 13). Defendant claims this mistake should be considered good cause to set aside the entry of default because his mistake was due to his mistaken belief about the law. Plaintiff argues that Defendant's argument that he is not a lawyer and therefore was mistaken regarding the "nuances" of law should not be considered good cause for ignoring the lawsuit.

The Court finds that Defendant's reason for disregarding the lawsuit to fall within the realm of "good cause" under Rule 55(c). To be considered culpable or willful conduct, "the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Servs.*, 796 F.2d at 194. "When the issue is one of whether to set aside an entry of default so that the "good cause" standard of Rule 55(c) is applicable, it is not absolutely necessary that the neglect or oversight offered as reason for the delay in filing a responsive pleading be excusable." *Id.* (citation omitted). In the instant case, Defendant does not appear to have had an intent to "thwart judicial proceeding" by his conduct but rather was mistaken regarding the law. Further, the Court notes that after being advised that the claims against him were proceeding he promptly secured counsel who made an appearance in the action.

5

**2.    The Existence of a Meritorious Defense**

The second factor is whether a defendant has a meritorious defense. To this end, Defendant contends, by affidavit, that he is innocent of downloading any portion of Plaintiff's copyrighted materials. Defendant also sets forth an detailed argument against Plaintiff's ability to link him to downloading the copyrighted material. Plaintiff argues that Defendant has failed to set forth any meritorious defense because his "mere denial of the allegations" cannot constitute a defense at law.

The Court finds that Defendant has set forth a meritorious defense at law such that this factor weighs in favor of setting aside the default. The Sixth Circuit describes a "meritorious" defense as one that is "good at law". *Dassault Sys.*, 663 F.3d at 843. A meritorious defense does not mean, however, that defendant must guarantee success on the merits of its defenses. Rather, "[a] defense is meritorious if there is *some* possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006) (emphasis in original) (citation omitted). In the instant case, Defendant argues that he did not use "BitTorrent" and that he never downloaded the copyrighted items on to his computer. Defendant then sets forth, in detail, the potential flaws in Plaintiff's complaint that link him to the alleged infringement. While Plaintiff appears to argue that actual innocence cannot be a meritorious defense to copyright infringement, the Court disagrees. Here, Defendant has clearly stated a meritorious defense such that there is "some possibility" that he could succeed in convincing a jury that he is innocent of copyright infringement.

**3.    Prejudice to the Plaintiff**

The third factor is whether there will be prejudice to the plaintiff if the default is set aside. Although Plaintiff did not address this issue in its responsive briefing, Plaintiff argued at the hearing

that Defendant's failure to immediately appear in this issue could result in evidence spoilage issues. Specifically, Plaintiff argues that Defendant's delay in appearing or responding to this suit could have resulted in certain information being deleted off of his computer, whether purposefully or inadvertently. Plaintiff argued that this fact could greatly impact its ability to prove its case.

The Court acknowledges that Defendant's computer and its hard drive are critical in the litigation of this matter and therefore has ordered that the computer be preserved and not be used or even turned on, effective December 9, 2013.

### 4. Weighing the Factors

The Court finds that all three factors weigh in favor of setting aside the Clerk's entry of default. The first factor, whether Defendant's conduct was willful or culpable does not weigh as heavily in favor of setting aside a default because Defendant purposefully ignored a summons and complaint. However, Defendant has offered a credible explanation and the Court finds that the explanation rises to "good cause" under Rule 55(c). Defendant has also set forth a meritorious defense. Finally, although Plaintiff has argued that there could be prejudice due to evidence spoilage, the Court order regarding preservation of the computer at issue mitigates against this prejudice. Also, the prejudice Defendant could suffer if the default is not set aside (hundreds of thousands of dollars in damages) outweighs any prejudice suffered by Plaintiff in the delay of these proceedings. Therefore, as Defendant has met the "good cause" standard under Rule 55(c), the Court grants Defendant's Motion to set aside the Clerk's entry of default.

### III. CONCLUSION

For these reasons and in support of the orders issued by this Court from the bench on December 9, 2013, the Court:

1.     **GRANTS** Defendant's Motion to Set Aside the Clerk's default (Dkt. No. 20);

2.     **DENIES** Plaintiff's Motion for Default Judgment **MOOT** (Dkt. No. 11); and

3.     **ORDERS**, effective December 9, 2013, that Defendant's computer be preserved such that it is not turned on, used, altered, or any information deleted from it.

**IT IS SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 13, 2013

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 13, 2013.

s/Deborah Tofil
Case Manager