**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MALIBU MEDIA, LLC,

Plaintiff,

vs.

MATT BEMIS,

Defendant.

Case No. 2:13-cv-11415
Hon. Paul D. Borman

---

PAUL J. NICOLLETTI (P-44419)
Attorney for Plaintiff
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
(248) 203-7801

JOHN T. HERMANN (P-52858)
Attorney for Defendant
2684 West Eleven Mile Road
Berkley, MI 48072
(248) 591-9291

---

**ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant MATT BEMIS, by and through his attorney, JOHN T. HERMANN, hereby submits the following Answer and Affirmative Defenses to Plaintiff's compliant:

1. Answering, Paragraph 1, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

2. Answering, Paragraph 2, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

3. Answering, Paragraph 3, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

4. Answering, Paragraph 4, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

5. Answering, Paragraph 5, Defendants neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

6. Answering, Paragraph 6, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

7. Answering, Paragraph 7, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

8. Answering, Paragraph 8, Defendant admits that he is a resident of the state of Michigan and resides in the Eastern District of Michigan.

9. Answering, Paragraph 9, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

10. Answering, Paragraph 10, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

11. Answering, Paragraph 11, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

12. Answering, Paragraph 12, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

13. Answering, Paragraph 13, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

14. Answering, Paragraph 14, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

15. Answering, Paragraph 15, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

16. Answering, Paragraph 16, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

17. Answering, Paragraph 17, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

18. Answering, Paragraph 18, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

19. Answering, Paragraph 19, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

20. Answering, Paragraph 20, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

21. Answering, Paragraph 21, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

22. Answering, Paragraph 22, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

23. Answering, Paragraph 23, Defendant denies any infringing distributions of the movies covered by the Copyrights-In-Suit as to the remaining allegations Defendant neither admit nor deny the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

24. Answering, Paragraph 24, Defendant denies the allegations contained therein as untrue.

25. Answering, Paragraph 25, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

26. Answering, Paragraph 26, Defendant denies the allegations contained therein as untrue in that Defendant is not obligated to pay Plaintiff's counsel for its fees and/or services.

27. Answering, Paragraph 27, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

28. Answering, Paragraph 28, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

29. Answering, Paragraph 29, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

30. Answering, Paragraph 30, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

31. Answering, Paragraph 31, Defendant denies the allegations contained therein as untrue.

32. Answering, Paragraph 32, Defendant denies any infringing distributions of the movies covered by the Copyrights-In-Suit, accordingly Defendant also denies the remaining allegations as untrue.

Dated: December 17, 1013

s/ John T. Hermann

JOHN T. HERMANN (P-52858)
Attorney for Defendant
2684 West Eleven Mile
Berkley, MI 48072
(248) 591-9291

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MALIBU MEDIA, LLC,

Plaintiff,

vs.

MATT BEMIS,

Defendant.

Case No. 2:13-cv-11415
Hon. Paul D. Borman

PAUL J. NICOLLETTI (P-44419)
Attorney for Plaintiff
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
(248) 203-7801

JOHN T. HERMANN (P-52858)
Attorney for Defendant
2684 West Eleven Mile Road
Berkley, MI 48072
(248) 591-9291

**AAFFIRMATIVE DEFENSES**

1. Plaintiff's claims are barred by the doctrine of estopple, illegality and/or fraud, and/or unclean hands due to the claimed actions and/or methods of identifying Defendant's IP address. Upon information and belief, Plaintiff's investigators appear to have violated state or federal law with regard to the collection of the data information included in the swarm identification of Plaintiff's IP address. Plaintiff's identification of Defendant as the "most likely" infringer based Mr. Feiser's computer forensic analysis raises the question as to whether Mr. Feiser (a computer forensic expert) is required to maintain a professional license in the State of Michigan under Section 6(1)(f)(iv) of the Professional Investigator Act. See MCL 338.821 et al. According to MCL 338.822, any individual engaged in the collection, investigation, analysis and scientific examination of data held on, or retrieved from a computer, computer network, or any combination thereof must maintain a Private Investigator's license in order to perform such

activities in the State of Michigan. The failure to do so constitutes a felony punishable by imprisonment of not more than four years or a fine of not more than $5,000.00 or both. MCL 228.823(3) In the present case, it appears Mr. Fieser (who is not a licensed investigator in Michigan) actions in in gathering and identifying Mr. Roy's computer IP address were illegal thereby constituting an affirmative defense of illegality and/or unclean hands.

In addition, the acts of Plaintiff's investigator may also violate the Pen Register Act. Under 18 USC 3121, as it is a federal misdemeanor to "install or use a pen register or a trap and trace device without first obtaining a court order..." A pen register keeps track of the phone numbers of outgoing calls, and a trap & trace device tracks incoming numbers. These devices differ from wiretaps in that wiretaps will record the content of a communication, while a pen register device records only the number. The Patriot Act expanded the definition of both devices to include the "originating number or other dialing, routing, addressing, and signaling information" of "wire or electronic communications." The expanded definition includes IP addresses. The express intent of the change was to make clear that prosecutors can get warrants for IP addresses, and there are several opinions out there about US attorneys applying for a pen register warrant for internet tracking. See *In re Application for use of a pen register* http://scholar.google.com/scholar_case?case=1569736820765124646; but see *Capitol Records v. Thomas-Asset*, http://scholar.google.com/scholar_case?case=16829082124742414576 (no Pen Register Act violation because IP address is transmitted in metadata, which is the content of the communication rather than a numerical identifier of the source of the information).

According to the Feiser declaration, Plaintiff's "scan" the net for BitTorrent activity and record the IP addresses. Based on the declaration it is clear that they are seeking the hash numbers of their works, i.e., Feiser is initiating the communication (by searching for Malibu

titles) and then tracking the IP addresses of the users that responds with pieces of Malibu works – precisely the type of activity made illegal under the act. In other words, Plaintiff is doing exactly what the act says you need a court order for, and which the government can only do with a warrant. Accordingly, there is a sufficient factual basis to believe that Plaintiff actions in identifying information about the swarm participants was done illegally thereby estopping and/or precluding Plaintiff from being able to assert a claim based on its own illegality and/or illegal actions as well as its own unclean hands.

2. Plaintiff's claims may be barred by its prior license, implied license , consent acquiescence and/or participation in the allegedly infringing sharing of its works via BitTorrent, and the claims. Plaintiff's called investigators (i.e. IPP) appear to be actively involved in the dissemination of the copyrighted materials that they are seeking to protect. The methodology by which they are able to identify suspected infringers requires that they participate in the same swarm participants that they are attempting to identify. As a swarm participant, Plaintiff's investigators (based on a their own description) are both simultaneously acquiring and disseminating the copyrighted material (*Functional Description of IPP Tracker Technology Docket Entry 3-2*) In order to facilitate its process of detection, IPP is involved in making the Plaintiff's media content available to the suspected infringers via a digital "honey pot," whereby they represent (via a hash bit identifier) that they in possession of at least 50% of the tile being sought at any given time during the torrent swarm exchange. Accordingly, this raises an issue as to whether Plaintiff (through its agents) are making the works available through an implied license.

Upon information and belief, Plaintiff has intentionally and deliberately placed the subject works into the public forum recognizing that the content of the information would be

downloaded, exchanged, viewed as "teasers," samples, thumbnails, or other format in which Plaintiff knew that members of the public would have their express or implied permission to stream, view, download and/or exchange in order to direct, link, and/or promote individuals interested in their media content to commercial sites that offer enhanced versions of the same content along with other adult media content for a monthly subscription price. The act of providing the free content into a public forum where it could knowing be duplicated and/or exchanged in order to create internet traffic to other works which customers could be charged gives rise to the affirmative defense of an implied license, consent, or acquiescence with regard to the exchange and/or distribution of their content referenced in Plaintiff's complaint.

3. Plaintiff's Complaint for statutory and/or equitable relief is barred in that works of obscenity are not copyrightable or protected.

4. Defendant asserts the affirmative defense that the statutory damages sought by Plaintiff are unconstitutionally excessive as applied.

5. While defendant denies the allegations of fact and conclusions of law alleged in Plaintiff's complaint, defendant asserts, in the alternative, that any infringement of Plaintiff's work qualifies as an "innocent infringement" since Defendant (merely by maintaining an internet account) did not knowingly engage in the acts of copyright infringement.

6. While defendant denies the allegations of fact and conclusions of law alleged in Plaintiff's complaint, defendant asserts, in the alternative, that any sharing of Plaintiff's work was a de minimum use in that a functional copy of Plaintiff's work was not transferred in its complete digital format.

7. Plaintiff's copyrights are invalid and/or unenforceable.

8. Defendants hereby reserve the right to add, supplement, modify, change or amend any and all of its Affirmative Defenses as the facts and circumstances become known through further discovery and/or investigation.

Dated: December 17, 2013

s/ John T. Hermann
JOHN T. HERMANN (P-52858)
Attorney for Defendant
2684 West Eleven Mile
Berkley, MI 48072
(248) 591-9291

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that I electronically filed the foregoing paper with the Clerk of the Court with the ECF system which will send notification of each filing to the following:

Paul J. Nicoletti, Esq.

Dated: December 17, 2013

s/ John T. Hermann
JOHN T. HERMANN (P-52858)
Attorney for Defendant
2684 West Eleven Mile
Berkley, MI 48072
(248) 591-9291